**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **GORDON RAY LEWIS,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:05-CV-0024-A** |
| | § | |
| **DOUGLAS DRETKE, DIRECTOR,** | § | |
| **TEXAS DEPARTMENT OF CRIMINAL** | § | |
| **JUSTICE, INSTITUTIONAL DIVISION,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**
**AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The amended findings, conclusions and recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus brought by a state prisoner under 28 U.S.C. § 2254.

### B. PARTIES

Petitioner Gordon Ray Lewis, TDCJ #01169030, is currently in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Gatesville, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

## C. Factual and Procedural History

By this action, petitioner Lewis challenges his conviction and sentence for possession with intent to deliver methamphetamine resulting from a May 9, 2003 state court judgment on his plea of guilty in cause no. 8826 in Hood County, Texas.[1]  *Ex parte Lewis*, State Habeas R. for Application No. 56,982-01, at 32.  Lewis did not directly appeal his conviction or sentence; thus the state trial court's judgment became final on June 8, 2003.  (Federal Petition at 3.)  *See* Tex. R. App. P. 26.2(a)(1).[2]  On July 30, 2003, Lewis filed a state application for writ of habeas corpus raising the issues presented, which was denied without written order by the Texas Court of Criminal Appeals on February 18, 2004.  *Id.* at cover.  Lewis filed this federal petition on January 14, 2005.[3]

Respondent Dretke filed an answer with supporting brief and documentary exhibits on May 25, 2005.  Although Dretke did not raise the issue in his answer, Lewis's petition appeared to be untimely and barred by the statute of limitations.  28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999) (holding federal district courts may raise the statute of limitations defense sua sponte).  Thus, on July 11, 2005, the undersigned Magistrate Judge issued an order granting Lewis thirty days to show cause why his petition should not be dismissed as barred by the

---

[1]On the same date, Lewis also pled guilty to possession of marijuana in the state court in cause no. 8827 and was sentenced to eight years' confinement, the sentence to run concurrently with his sentence in cause no. 8826.  *Ex parte Lewis*, State Habeas R. After Remand, at 10.  Lewis does not challenge that conviction or sentence in this petition.  (Petition at 2.)

[2]Rule 26.2(a)(1) of the Texas Rules of Appellate Procedure provides that a notice of appeal must be filed within 30 days after the day sentence is imposed in open court.

[3]Typically, a pro se habeas petition is filed when the petition is delivered to prison authorities for mailing.  *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).  Lewis omitted page 9 of the form petition and does not otherwise indicate in the petition the date he placed the document in the prison mailing system.  Furthermore, the envelope in which the petition was mailed reflects that it was mailed on Lewis's behalf from Granbury, Texas, on January 10, 2005.  Thus, Lewis is not given the benefit of the prison mailbox rule.

2

limitations period.  As of this date, Lewis has not filed a response to the July 11, 2005 show cause order.

## D.  STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief.  28 U.S.C. § 2244(d).  Section 2244(d) provides:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Because Lewis is challenging his conviction and sentence on substantive grounds, the statutory provision set forth in subsection (A) governs when the limitations period in this case began to run, *viz.,* the date on which the state court's judgment became final by the expiration of the time

3

for seeking direct review.  *See id.* § 2244(d)(1)(A).  Lewis did not directly appeal the case, therefore the trial court's judgment became final and the one-year limitations period began to run on June 8, 2003, 30 days after the date of the judgment, and expired one year later on June 8, 2004, absent any tolling.  Lewis's state habeas application, filed on July 30, 2003, tolled the limitations period for 203 days.  *See id.* § 2244(d)(2).  Thus, his petition was due on or before December 28, 2004.  Since Lewis did not file his federal petition until January 14, 2005, his petition is untimely.[4]

## II.  RECOMMENDATION

Lewis's petition for writ of habeas corpus should be dismissed with prejudice as time barred.

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until September 6, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. §

---

[4]As noted, *infra*, Lewis did not reply to the undersigned's July 11, 2005 show cause order or otherwise assert a reason for his failure to file his petition in a timely manner, and the record reveals none.  Thus, this is not a case where the petitioner should benefit from equitable tolling, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until September 6, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED August 16, 2005.


     /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE